December 29, 2009PS 8
(8/88)

# United States District Court
## for
## Western District of Tennessee

**U.S.A. vs. Marquette Pogue**                    **Docket No. 2:09cr-20139-01-Ma**

### Petition for Action on Conditions of Pretrial Release

COMES NOW PRETRIAL SERVICES OFFICER Cathy Tovornik presenting an official report upon the conduct of defendant who was placed under pretrial release supervision by the Honorable Gerald B. Cohn sitting in the court at Memphis, Tennessee, on the 2nd day of June, 2009 under the following conditions:

1) Report as directed by the Pretrial Services Office, 2) Maintain or actively seek lawful and verifiable employment, 3) Refrain from possessing a firearm, destructive device, or other dangerous weapon, 4) Refrain from any unlawful possession or use of a controlled substance, 5) Submit to substance abuse testing as required by Pretrial Services, 6) Participate in a program of substance abuse testing, education, or treatment if deemed advisable by Pretrial Services, 7) Must reside with mother at 9315 Breakstone Cove in Collierville, Tennessee, unless change in residence is pre-approved by Pretrial Services, 8) Refrain from attempting to obstruct or tamper with the efficiency and accuracy of any prohibited substance testing or electronic monitoring, 9) Participate in an electronic monitoring program as directed by Pretrial Services and pay all or part of the cost of the program based upon your ability to pay as determined by Pretrial Services, and 10) Avoid all contact with any victim or potential witness including employees of Subway.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(See Attached)

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant so that Marquette Pogue may appear and show cause as to why his pretrial release should not be ordered revoked.

Bond Recommended: NONE

| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered this __4th_____ day of _January_____ , 2010__, and ordered filed and made a part of the records in the above case. | Executed on December 29, 2009 |
| | s/cathy tovornik |
| s/Diane K. Vescovo | U.S. Pretrial Services Officer |
| U.S. District Judge/Magistrate | Place   Memphis, Tennessee |

Marquette Pogue
Petition for Action on Conditions of Pretrial Release
December 29, 2009
Page 2


Marquette Pogue committed the following violations of his conditions of pretrial release:

<u>Commit no offense in violation of federal, state, or local law</u>
Marquette Pogue was cited by the Memphis Police Department on September 13, 2009, for Driving While License Revoked.  The matter is presently set for February 4, 2010, in Shelby County General Sessions Court.  Mr. Pogue did not report the above citation to Pretrial Services and falsely reported in subsequent written supervision reports that he had not been questioned by law enforcement or named as a defendant in any criminal case.

It should be noted that Mr. Pogue was cited at 3:25 a.m. in the above matter after having left a voice message at 12:16 a.m. stating that he went to the hospital because of chest problems.  Documentation from the Regional Medical Center indicates that he was tested there at 9:10 a.m. on September 13, 2009.


<u>Participate in an electronic monitoring program as directed by Pretrial Services</u>

*Marquette Pogue was away from his residence without authorization on the following dates:*

June 18, 2009, from 9:35 a.m. to 12:20 p.m.
September 19, 2009, from 4:19 p.m. to 6:15 p.m.
October 3, 2009, from 5:45 p.m. to October 4, 2009, at 4:08 a.m.
October 9, 2009, from 12:02 p.m. to 2:00 p.m. (left early of authorized time of 2:00 p.m.)
October 10, 2009, from 9:27 a.m. to 12:08 p.m.
November 15, 2009, from 11:10 p.m. to 11:41 p.m.
November 17, 2009, from 11:32 a.m. to 4:54 p.m.
November 18, 2009, from 7:34 a.m. to 10:55 p.m.
November 19, 2009, from 7:42 a.m. to 4:25 p.m.
November 21, 2009, from 1:31 p.m. to 11:41 p.m.
November 29, 2009, from 10:58 a.m. to 12:17 p.m.
December 7, 2009, from 7:57 a.m. to 3:28 p.m.
December 21, 2009, from 11:22 a.m. to 5:21 p.m.

*Defendant Pogue failed to return to his residence by curfew on the following dates:*

June 24, 2009, returned at 5:09 p.m., after 4:30 p.m. curfew
June 25, 2009, returned at 4:56 p.m., after 4:30 p.m. curfew
June 26, 2009, returned at 5:18 p.m., after 4:30 p.m. curfew
August 11, 2009, returned at 6:45 p.m., after 6:00 p.m. curfew
September 18, 2009, returned at 1:27 a.m. on September 19, 2009, after, 7:30 p.m. curfew

Marquette Pogue
Petition for Action on Conditions of Pretrial Release
December 29, 2009
Page 3


October 2, 2009, returned at 4:08 a.m. on October 3, 2009, after 4:30 p.m. curfew
October 5, 2009, returned at 7:44 p.m., after 7:00 p.m. curfew
October 9, 2009, returned 12:02  p.m., after 4:00 a.m. curfew
October 14, 2009, returned at 7:09 p.m., after 6:00 curfew
November 13, 2009, returned on November 14, 2009, at 3:37 a.m., after 4;30 p.m curfew
November 16, 2009, returned 10:56 p.m., after 7:00 p.m. curfew
December 6, 2009, returned at 4:28 a.m., late of 1:00 a.m. curfew
December 17, 2009, returned at 8:04 p.m., late of 6:00 p.m. curfew
December 20, 2009, returned at 3:40 a.m., late of 1:00 a.m. curfew


<u>Refrain from attempting to obstruct or tamper with the efficiency and accuracy of any prohibited substance testing or electronic monitoring</u>

Defendant Pogue appears to have, on two occasions, unplugged the electrical connection to his electronic monitoring home unit shortly before leaving his residence and then to have immediately reconnected the unit upon returning to the residence.

Specifically, on September 19, 2009, there was a power fail at 4:09 p.m. shortly before he left his residence at 4:19 p.m.  The power was restored at 6:16 p.m. immediately after the defendant returned home at 6:15 p.m.  On November 15, 2009, there was a power fail at 11:09 p.m. shortly before Mr. Pogue left his home at 11:10 p.m.  Power was restored at 11:41 p.m., which was also the time he returned to the residence.

Marquette Pogue has failed to consistently provide written work schedules and earnings statements and appears to have falsely reported his work hours.  Contact on December 17, 2009, with managers at Piggly Wiggly and Checkers, revealed that the defendant was working less than 20 hours per week at Piggly Wiggly and one or two days per week at Checkers.  His supervising officer found the defendant absent while she was at  Piggly Wiggly that date at approximately 9:15 a.m. though he had reported being scheduled to work from 8 a.m. to 5 p.m.  Mr. Pogue had also reported a 40-hour work schedule at Piggly Wiggly for the week beginning December 14, 2009, contrary to information provided by his assistant manager..

Defendant Pogue advised Pretrial Services on December 22, 2009, that he was scheduled to work the following day at Piggly Wiggly and later indicated that he had contact with his assistant manager about working later that date at Piggly Wiggly.  He was advised by the supervisory officer that he would be called back in this regard.  The assistant manager with whom the defendant reportedly obtaining his work schedule was contacted and related that the defendant was not scheduled to work for the week and had not had any contact with her that day.  Defendant Pogue failed to answer his phone when the supervisory officer attempted contact and did not respond to a voice message instructing him to call.

Marquette Pogue
Petition for Action on Conditions of Pretrial Release
December 29, 2009
Page 4


Additionally, Marquette Pogue cut off his electronic monitoring transmitter on December 22, 2009, at 8:57 p.m. without notifying Pretrial Services.  The defendant reported to the office the following day with aftercare instructions from Delta Medical Center Emergency Department generated at 9:49 a.m. on December 23, 2009, indicating that he was treated for an ankle sprain.  During this office contact, the supervisory officer compared the defendant's ankles and could not detect any redness or swelling.  The defendant failed to bring his transmitter to the office on December 22, 2009, and remained without electronic monitoring until reinstallation on December 28, 2009.